UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

CHARLES TRUSTY,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLES TRUSTY (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, CHARLES TRUSTY, is a citizen and resident of Jefferson Parish, Louisiana.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Miami, Florida at 3655 Northwest 87th Avenue, Miami, Florida 33178.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
    b. Was engaged in substantial and not isolated activity within this state;
    c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
    d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. Operated vessels in the waters of this state;

    g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL LEGEND and CARNIVAL GLORY.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL GLORY and CARNIVAL LEGEND.

8. At all times material hereto, Defendant had exclusive custody and control of CARNIVAL GLORY and CARNIVAL LEGEND.

9. On or about December 20, 2019, Plaintiff was a passenger aboard CARNIVAL GLORY which was in navigable waters and maneuvering to dock at Cozumel, Mexico at Defendant's dock.

10. On or about December 20, 2019, CARNIVAL GLORY allided with another of Defendant's ships, CARNIVAL LEGEND, docked at Defendant's dock. As a consequence of the looming collision, passengers and crew located within the 3rd floor Crimson Room began running for their lives and toward the dining room's exit. Plaintiff was speaking with the hostess of the dining room, with his back turned toward the oncoming crowd, when he was suddenly caught up in the human stampede. Plaintiff attempted to move with the crowd to avoid being trampled when suddenly, the ships collided, the GLORY shook violently and Plaintiff fell over another passenger and landed in a scrum on the floor. Fleeing passengers and crew trampled over his back as they raced toward the exit.

11. As a result, Plaintiff sustained injuries to his neck/back and lower back.

12. As a consequence, Plaintiff necessitated treatment in Defendant's Medical Department.

13. As a further consequence, Plaintiff has also necessitated continued medical care

following return home.

14.     All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

15.     At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

16.     On or about December 20, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

17.     On or about December 20, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Negligently preparing and carrying out a mooring plan for GLORY; and/or
   c. Negligently navigating/docking of GLORY; and//or
   d. Negligently failing to heed and take cognizance of prevailing wind and sea conditions during the docking of GLORY; and/or
   e. Negligently supervising (insufficient oversight) the navigation officer in control of GLORY at the time of docking; and/or
   f. Failure to post a proper watch aboard GLORY; and/or
   g. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of such an allision; and/or
   h. Failure to have adequate risk management procedures in place designed to reduce the occurrence of such an allision and/or
   i. Failure to take steps as a result of prior similar incidents to reduce and/or prevent such an allision. *See* CARNIVAL PRIDE allision with pier at Baltimore, Maryland on May 18, 2016.

18.     Defendant created the foregoing conditions causing Plaintiff's accident.

19.     Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that

Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *See* CARNIVAL PRIDE allision with pier at Baltimore, Maryland on May 18, 2016.

20. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *See* CARNIVAL PRIDE allision with pier at Baltimore, Maryland on May 18, 2016.

21. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; has suffered physical handicap; and has lost wages and will lose wages/earning capacity in the future. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Plaintiff also lost the value of his cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## **COUNT II – FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

22. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

23. On or about December 20, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances

4

by failing to warn Plaintiff of a dangerous condition known to Defendant but unknown and not obvious to Plaintiff. *See* CARNIVAL PRIDE allision with pier at Baltimore, Maryland on May 18, 2016.

24. On or about December 20, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to warn Plaintiff of a dangerous non-obvious condition, to wit: the danger of GLORY alliding with another of Defendant's ships, LEGEND, while the former was docking; and/or
   b. Failure to warn Plaintiff of a dangerous non-obvious condition, to wit: the danger of injury from GLORY alliding with another of Defendant's ships, LEGEND, while the former was docking; and/or
   c. Failure to warn of prior similar incidents of which Defendant knew and was on notice *See* CARNIVAL PRIDE allision with pier at Baltimore, Maryland on May 18, 2016.

25. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

26. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. *See* CARNIVAL PRIDE allision with pier at Baltimore, Maryland on May 18, 2016.

27. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *See* CARNIVAL PRIDE allision with pier at Baltimore, Maryland on May 18, 2016.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; has suffered physical handicap; and has lost wages and will lose wages/earning capacity in the future. The injuries are permanent

or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Plaintiff also lost the value of his cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE:  December 18, 2020

        Respectfully submitted,

        **EDUARDO J. HERNANDEZ, LLC**
        *Attorneys for Plaintiff*
        10691 N. Kendall Drive – Suite 109
        Miami, Florida 33176
        Telephone: (305) 567-0910
        Facsimile: (786) 454-8905

By:   */s/ Eduardo J. Hernandez*
        EDUARDO J. HERNANDEZ
        Florida Bar No. 061451
        ehernandez@ejh-law.com